## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MIDFIRST BANK** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 1:23-cv-468** |
| | § | |
| **v.** | § | |
| | § | |
| **JO W. FREEMAN AKA JO WARREN** | § | |
| **FREEMAN, WANDA CYPRESS AKA** | § | |
| **WANDA FREEMAN-CYPRUS,** | § | |
| **ANNESSA TRINETT FREEMAN AKA** | § | |
| **TRINETT BUNTON, ALFRED LAMAR** | § | |
| **FREEMAN, DARYLE RAVON** | § | |
| **FREEMAN, DEVRON SHAY THOMAS,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff MidFirst Bank ("Plaintiff" or "MidFirst") complaining of Jo W. Freeman aka Jo Warren Freeman, Wanda Cypress aka Wanda Freeman Cyprus, Annessa Trinett Freeman aka Trinett Bunton, Alfred Lama Freeman, Daryle Ravon Freeman, and Devron Shay Thomas ("Defendants"), and files this *Original Complaint*, and states as follows:

### I.    PARTIES

1.    Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.    Alfred J. Freeman ("Decedent") was a borrower under the loan agreement described below. Decedent passed away on or about January 5, 2021. Upon information and belief, no probate is open for Decedent's estates in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the

personal representative of the Decedent's respective estate.

3.      Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property, immediately upon her death. Each Heir is made a party in this proceeding.

4.      Defendant Jo W. Freeman aka Jo Warren Freeman is a co-borrower under the loan agreement described below. She is a citizen of the state of Texas and may be served with process at 1005 Kimberly Cove, Round Rock, Texas 78665 or at any other place where she may be found. Summons is requested.

5.      Defendant Wanda Cypress aka Wanda Freeman Cyprus is an alleged heir and daughter of Decedent. She is a citizen of the state of Georgia and may be served with process at 2309 Sharon Avenue, Columbus, Georgia 31903 or at any other place where she may be found. Summons is requested.

6.      Defendant Annessa Trinett Freeman aka Trinett Bunton is an alleged heir and daughter of Decedent. She is a citizen of the state of Texas and may be served with process at 7105 Armagh Drive, Austin, Texas 78754 or at any other place where she may be found. Summons is requested.

7.      Defendant Alfred Lamar Freeman is an alleged heir and son of Decedent. He is a citizen of the state of Texas and may be served with process 1005 Kimberly Cove, Round Rock, Texas 78665 or at any other place where he may be found. Summons is requested.

8.      Defendant Daryle Ravon Freeman is an alleged heir and son of Decedent. He is a citizen of the state of North Carolina and may be served with process at 824 Coathill Street, Fayetteville, North Carolina 28314 or at any other place where he may be found. Summons is

requested.

9.      Defendant Devron Shay Thomas is an alleged heir and grandson of Decedent. He is a citizen of the state of Texas and may be served with process at 2601 La Frontera Boulevard, Apt. 4101, Round Rock, Texas 78681 or at any other place where he may be found. Summons is requested.

## II.      PROPERTY

10.      This proceeding concerns the real property and improvements commonly known as 1005 Kimberly Cove, Round Rock, Texas 78665 and more particularly described as follows:

> LOT 5, BLOCK C, ROLLING RIDGE SECTION 2-B ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN CABINET L, SLIDE 396, PLAT RECORDS, WILLIAMSON COUNTY, TEXAS.

(the "Property").

## III.      DIVERSITY JURISDICTION AND VENUE

11.      This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

12.      Plaintiff MidFirst is a federally chartered savings association with its main office in Oklahoma. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Oklahoma for purposes of diversity jurisdiction purposes.

13.      The named Defendants are individuals and citizens of the states of Georgia, North Carolina, and Texas.

14.    In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

15.    When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

16.    Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Williamson County Appraisal District values the Property at $408,580.00 Therefore, the amount of controversy is met.

17.    Venue is proper in the Western District of Texas, Austin Division, because this suit concerns title to real property located in Williamson County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.    FACTS

18.    The foregoing paragraphs are incorporated by reference for all purposes.

19.    On or about March 8, 2013, Decedent Alfred J. Freeman and Defendant Jo W. Freeman executed a *Note* ("Note"), in the principal amount of $166,361.00, with an interest rate of 3.500% per annum and originally payable to LoanDepot.com, LLC, a Delaware Limited Liability Company ("LoanDepot") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **<u>Exhibit A</u>**.

20.    Concurrently with the execution of the Note, Decedent Alfred J. Freeman and Defendant Jo W. Freeman ("Borrowers") executed a *Deed of Trust*, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting LoanDepot, its successors and assigns, a security interest in the Property. The Security Instrument was recorded on April 4, 2013, in the Official Public Records of Williamson County, Texas, as Instrument Number 2013029990. A true and correct copy of the Security Instrument is attached hereto as **<u>Exhibit B</u>**.

21.    The Security Instrument names Mortgage Electronic Registration Services, Inc. ("MERS") as the beneficiary, solely as nominee for LoanDepot. Subsequently, MERS transferred and assigned the Loan Agreement to MidFirst. The *Corporate Assignment of Deed of Trust* was recorded on July 15, 2022, in the Official Public Records of Williamson County, Texas, as Instrument Number 2022084763. A true and correct copy of the recorded Corporate Assignment of Deed of Trust is attached hereto as **<u>Exhibit C</u>**.

22.    Plaintiff is the current legal owner and holder of the Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

23. Decedent passed away on or about January 5, 2021. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs, acquired all of her interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff.

24. Under the terms of the Loan Agreement, Defendant Jo W. Freeman and Decedent were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

25. The Loan Agreement further provides that should Defendant Jo W. Freeman and Decedent fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

26. The Loan Agreement is currently due for the May 1, 2020 payment, and all subsequent monthly payments. On March 24, 2022, a *Notice of Default* was provided in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the *Notice of Default* is attached hereto as **Exhibit D**.

27. The default was not cured, and the maturity of the debt was accelerated on February 8, 2023, when a *Notice of Acceleration of Loan Maturity* was provided in accordance with the Security Instrument and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit E**.

28. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.    CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

29.     The foregoing paragraphs are incorporated by reference for all purposes.

30.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

**B.  ENFORCEMENT OF STATUTORY PROBATE LIEN**

31.     The foregoing paragraphs are incorporated by reference for all purposes.

32.     Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

a.  TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

b.  TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

c.  TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

33.    Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C.  NON-JUDICIAL FORECLOSURE

34.    The foregoing paragraphs are incorporated by reference for all purposes.

35.    Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

### D.  PUBLIC AUCTION

36.    The foregoing paragraphs are incorporated by reference for all purposes.

37.    Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the

Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E.  JUDICIAL FORECLOSURE

38.     The foregoing paragraphs are incorporated by reference for all purposes.

39.     In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

40.     As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bexar County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F.  TRESPASS TO TRY TITLE

41.     The foregoing paragraphs are incorporated by reference for all purposes.

42.     Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title, and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G.  WRIT OF POSSESSION

43.     The foregoing paragraphs are incorporated by reference for all purposes.

44.    If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

45.    Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

### VIII.  CONDITIONS PRECEDENT

46.    The foregoing paragraphs are incorporated by reference for all purposes.

47.    In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

### VI.        PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' rights, title, and interest to the Property;

c.  A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d.  Attorney fees and costs of suit; *and*

e.  All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SARAH SIBLEY COX**
State Bar No. 24043439
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**